## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABUS
### No. 180

No. 19028—City of Cleveland v. Amedeo Ferrando. Error to the Court of Appeals of Cuyahoga County.

885. PARKS—1. Municipally owned and controlled, for general public, impose duty upon city to keep them free from nuisance.

2. Unexploded and unguarded bomb is nuisance per se and municipality liable in damages for failure to remove same.

ROBINSON, J.

1. Municipally owned and controlled parks, established and maintained for and open to the general public, are "public grounds" within the meaning of that phrase in Section 3714, General Code, and by that section the duty is imposed upon municipalities to keep them free from nuisance.

2. The presence of an unguarded, unexploded bomb in a public park is a nuisance per se, and a municipality owning and controlling such public park, on proof of knowledge or notice of such nuisance, actual or constructive, is liable to persons injured by reason of its failure to remove same.

Judgment affirmed.

Marshall, CJ., Matthias, Day, Allen and Kinkade, JJ., concur.

## Weekly Abstract of PENDING CASES

### No. 181
### STATE ex v. SHARPLES VILL. SCHOOL DIST. (Bd. of Ed.)

No. 19484. Supreme Court

On motion to certify. Dock. Dec. 14, 1925; 4 Abs. 10.

1065. SCHOOLS AND SCHOOL DISTRICTS—Where a school district has been transferred to territory of another district in accordance with provisions of statute, would the equitable division of a bond issue proceeds of the former by the board of education be an abuse of discretion?

2. Should a writ of mandamus be issued in favor of the transferee?

This action originated in the Lucas Court of Appeals and was instituted by the State on the relation of the board of education of Swanton Village School District against the board of education of Sharples Village School District for a writ of mandamus commanding the latter to transfer $6138 or $51.15% of proceeds derived from the sale of a $12,000 bond issue, and for an injunction restraining said defendant from entering into any contract for the construction of a school building, to be paid wholly or in part from proceeds of said bonds, until final determination of the mandamus action.

The Court of Appeals denied the writ but a temporary injunction was subsequently granted, restraining use of the $12,000 bond issue.

The defendant district, which issued the bond issue, was by order of court on petition of qualified electors, transferred to the Swanton District and the Fulton County Board of Education made, by resolution, an equitable division of funds and indebtedness between both districts. The Sharple District was ordered to transmit to the Swanton District 51.15% of money in treasury; and 51.15% of the bond issue proceeds. The demand for the money was ignored by the Sharples District.

In the Supreme Court on motion to certify the Swanton District contends that if the Fulton Board of Education did its duty under 4696 GC. in making an equitable division of funds and indebtedness, then it is entitled to its share of the general fund of the Sharples District. It is claimed that when a transfer of territory is made by the county board from a school district, the control of school funds of such transferred territory is vested in the board of education of the transferree school district.

The right to $6,213.42 of the unincumbered bond issue proceeds is claimed by the Swanton District since a contract for the erection of a school building had never been let and the temporary injunction sustains this status until the case has been finally determined.

It is set forth that either the Fulton Board of Education, in awarding part of the bond issue proceeds abused its discretion and exceded its powers given to it by 4696 GC. or the Sharples District abused its discretion in proceeding to build a school house with the bond issue proceeds instead of refraining from so doing after the taking effect of the transfer.

It is contended that the Sharples District should not have gone ahead on the construction of the school building and failure to exercise discretion in this matter was an abuse of discretion. Courts will prevent the abuse of discretion by an administrative board.

In conclusion it is contended that either the $4,213.42 be delivered to the Swanton District or to return to its sinking fund $12,147.48, the balance of the bond issue proceeds in the Sharples District treasury; and requiring it to use said balance only to retire the bonds outstanding of its $12,000 bond issue.

Attorneys—Davis B. Johnson and E. P. Buckenmyer for State ex; Julian H. Tyler for Sharples Dist.; all of Toledo.